By the Court.

This appeal is brought before the Court, .on a Mil of exceptions to the opinioif of the Judge of the First District, m his charge to the jury, who tried the cause in the Court below; and also on a statement of facts comprising the merits of the suits which enables'us ⅞0 give a *376 without the necessity of remanding th& cduse to the District Court to be again tried ; consequently renders it unnecessary', to examine the opinion, expressed by the Judge in his charge to the jury.
East. District.
June 1814.
The appellants, who were plaintiffs in the Court below, commenced their action against the appellee to recover the amount of freight on 200 hogsheads of sugar, and other sums, as primage, general average, and demurage. Jt appears from the state, ment of facts that the appellee, on the 22d of January 1811, shipped on board a ship called the Margaret, of which the appellants state themselves to be owners, 200 hogsheads of sugar, to be carried from the port of New-Orleans to New-York, for account and risk of Messrs, H. St J. Fisher, merchants- in that city, and that they were to pay freight on said sugar at the rate of 11 dollars per hogshead, with 5 per ct. primage as accustomed. The vessel sailed from the port of New-Orleans on the 12th of February, and on the same da/y, was driven on shore, at thé English Turn, by'' unavoidable accidents, where she remained aground until the second day of March. While the ship was in this situation, Morgan, the appel-lee, obtained from a comjfetent tribunal an order of sequestration, and by virtue of that order the sugar was forcibly taken from the vessel. ' In the petition on which the sequestration was allow- *377 €⅜ he claimed also to have the property torea to him on account of the failure of the persons to whom it had been sold, and was con- . ⅛ signed.
T h e counsel for the appellee oppose a teco Very against him, in this action on three grounds, 1st, Because the appellants have not shewn themselves to be the owners of the ship. 2d. They have no just claim against Morgan the shipper: because from the terms of the bills of lading, they were to look to the consignees for payment of freight. And 3. that the only remedy left them in the present state of things is their lien on the property shipped.
I. As to the first objection 1 it is sufficient to observe that in no part of the pleadings, has it been denied, that the plaintiffs in the Court below, had a right to maintain this action ; unless we am to consider the general denial of all facts contained in their petition, as embracing the circumstance of the want of proper parties to the suit; in the answer to the petition, the defendant prays not that the suit should be dismissed for want of proper parties, but that the facts should be enquired of by a special jury ; by which he seems to have waved all objections to the appellants’ authority to sue; and ift the statement of facts it is admitted that they consigned this ship to their agent in the city of *378 New-Orleans- It is too late now, to dispute their ... right of action.
II. In relation to the second objection, to the appellants’ right to recover against die appellee in this action, there can be little doubt, that had die "property been suffered to remain on board die vessel, and received by the consignees, they alone, from the stipulations in the bills of lading would have been bound to pay the freight. But pursuing a different course of conduct, the consignor, the party contracting for the transportation and freight' of the sugar (which it seems he had sold to his consignees) arrests the property in transitu, prevents the vessel from regularly earning the freight on the goods, by carrying them to the place of destination,and consequently the delivery of them to / the consignees, by which alone they could become liable to pay die freight. This conduct of the appellee lias put it out of the power of the appellants ever to obtain payment from his consignees; for they ¡being no party to the contract of affreightment could not be bound by it, except on the receipt of the property consigned; and he, having caused it to be stopped on its passage, and brought his action for restitution, must now be considered so far the owner, as to be bound to the payment of freight according to his contract. If liable to pay the freight, a question has been raised as to the extent <afthis liability. Itis contended ⅝ on the part of *379 the appellee that it should be, only pro rata itineris periculi. This apportionment of freight generally takes place, when the ship by reason of any disaster goes into a port, short of the place of destination and is unable to prosecute and complete the voyage. In such a case the master may cause the goods to be conveyed, by hiring' another ship, and thus entitle himself to his whole freight ; but if he declines doing this, and the goods are received by the merchant, then he is paid in proportion to the voyage performed: and this is stated, by Abbot, in his Treatise on Shipping 336, to be according to a general rule of maritime law ; but is certainly not applicable to the case before the Court, wherein the master has been prevented from carrying the property to the place of destination solely by the act of the shipper of the goods : claiming restitution of them 8tc. we must, therefore, resort to principles of law which govern cases similar to the present.
It is laid down in the Ordinance of Bilbao, ch. 18, p. 155, num. 9, that the shippermay, after having laden the vessel, if he finds it'convenient, annul the contract of affreightment and take out his goods, on paying the captain half freight : this is applicable to cases where the ship has not left the lading port. In the same book and chap, page 160, num.'. 23, it is stated that if a ship be stopped on her voyage, by a tempest, or other accident, and return to the port from which she *380 sa^ (in a state f°r navigation) and the shippers desire to unload her, they may do so, on paying the captain his full freight. This principle we conceive to be in point for the case now to be adjudged. Morgan the shipper has caused the sugar to be taken out of the vessel and by thus acting has prevented the master from fulfilling his agreement: for it does appear that the ship was soon after her misfortune in a situation to prosecute the voyage.
III. In treating of the third ground of objection, made by the appellee’s counsel, it is only necessary to remark, that perhaps the appellants might have pursued the property, and supported their claim to compensation, out of the proceeds of it, by intervening in the suit commenced by Morgan against his consignees, but it was optional with them to take that course or the one they pursued. The case of Kenner & al. vs. Morgan, ante 209, has been cited in support of this objection. It is nothing like the present: here the action is brought against the party contracting : there it was against an officer who in the discharge of his duty had properly executed a process of the Court.
We are of opinion that the appellee is bound to pay the full freight of the sugar, as claimed by the appellants ; but nothing on account of general average demurrage, or primage: this last is a *381 epmpensation to the master for his particular care of the goods and ought not be recovered by the owners unless they had shewn that they have paid it to him. The circumstance of this vessel running aground is not such as to require a general contribution by shippers and owners. Demurage is never due except by express stipu-latiqn. In support these latter propositions, see Abbott on Shipping, 382 and244,
It is, therefore, ordered, adjudged and decreed that the j udgment of the District Court be reversed and annulled, and proceeding to give such judgment as in our opinion ought then to have been rendered, it is further ordered, adjudged and decreed that the appellants do recover from the appellee g 2200, with legal interest from the judicial demand and costs.